IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:13cr133-MHT |
| TRAVIS ANDRE MOSS and | ) | (WO) |
| TERRANCE MAURICE THOMAS | ) | |

OPINION AND ORDER

This cause is before the court on defendant Terrance Maurice Thomas's motions to continue. The government and co-defendant Travis Andre Moss do not oppose the motions, including no opposition to a continuance for both Thomas and Moss. For the reasons set forth below after a hearing on October 15, 2013, the court finds that jury selection and trial, now set for November 18, 2013, should be continued pursuant to 18 U.S.C. § 3161(h)(6) and (h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court

is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In granting a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance.  § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and defendants Thomas and Moss in a speedy trial. Thomas's retained counsel, Bruce Maddox, will undergo surgery on October 28, 2013. The surgery and recovery will interfere with his ability to prepare Thomas's case for several weeks, and he would be unable to try the case as originally scheduled. Given these circumstances, a continuance in this matter is appropriate.

With regard to co-defendant Moss, the Speedy Trial Act excludes from the 70-day period "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6). No severance has been granted in this case.

***

Accordingly, it is ORDERED as follows:

(1) The motions to continue filed by defendant Terrance Maurice Thomas (doc. no. 28 and 29) are granted.

(2) The jury selection and trial for defendants Travis Andre Moss and Terrance Maurice Thomas, now set for November 18, 2013, are reset for January 27, 2014, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 15th day of October, 2013.

                                               /s/ Myron H. Thompson
                                     UNITED STATES DISTRICT JUDGE