IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:13cr133-MHT |
| TRAVIS ANDRE MOSS | ) | (WO) |

OPINION AND ORDER

This cause is before the court on the government's motion to continue the jury selection and trial of defendant Travis Andre Moss. Moss has filed a statement confirming that he does not oppose the motion. For the reasons set forth below, the court finds that jury selection and trial, now set for January 27, 2014, should be continued pursuant to 18 U.S.C. § 3161(h)(6) and (h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance. § 3161(h)(7)(B)(ii).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the

interest of the public and defendant Moss in a speedy trial.  First, Moss and the government are currently engaged in plea note negotiations, and they both agree that additional time is necessary to reach a potential pretrial resolution of this case.

In addition, the Speedy Trial Act excludes from the 70-day period, "A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6).  In a previous order, the court continued the trial of Moss's co-defendant, Terrance Maurice Thomas, but reserved judgment as to a continuance for Moss until a motion for a continuance was properly before the court, with the opportunity for the Moss's interest to be protected.  See Order (Doc. No. 40).  Moss has now had the opportunity to be represented as to his speedy-trial rights, and he has stated in writing that he does not oppose a continuance to the same trial date as Thomas.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The motion to continue filed by the government (doc. no. 42) is granted.

(2) The jury selection and trial for defendant Travis Andre Moss, now set for January 27, 2014, are reset for March 24, 2014, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 13th day of January, 2014.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**