IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:13cr133-MHT |
| TRAVIS ANDRE MOSS and | ) | (WO) |
| TERRANCE MAURICE THOMAS | ) | |

OPINION AND ORDER

This cause is before the court on defendant Terrance Maurice Thomas's motion to continue. At an on-the-record hearing on February 19, 2014, defendant Travis Andre Moss joined in the motion, and the government stated that it had no opposition to the motion. For the reasons set forth below, the court finds that jury selection and trial for Moss and Thomas, now set for March 24, 2014, should be continued pursuant to 18 U.S.C. § 3161(h)(6) and (h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court

is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation" without granting a continuance. § 3161(h)(7)(B)(ii).

2

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public, Moss, and Thomas in a speedy trial.  Thomas's original choice of counsel recently learned of a conflict of interest that precluded him from representing Thomas, and Thomas hired replacement counsel.  But Thomas's new counsel appeared in the case on only February 17.  It would be difficult for his new counsel to familiarize himself adequately with the case now set for jury trial on March 24.

In addition, counsel for Moss wants additional time to discuss possible resolution of the case for him.  In any event as for Moss, the Speedy Trial Act excludes from the 70-day period "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6).

Given these circumstances, a continuance in this matter is appropriate for both Moss and Thomas.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue filed by defendant Terrance Maurice Thomas (doc. no. 51), and joined in by defendant Travis Andre Moss on February 19, 2014, is granted.

(2) The jury selection and trial for defendants Moss and Thomas, now set for March 24, 2014, are reset for May 12, 2014, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 24th day of February, 2014.

                                    /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE